**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899
abiri@cd-lawyers.com

**TREEHOUSE LAW, LLP**
Joshua Nassir (SBN 318344)
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
jnassir@treehouselaw.com
bheikali@treehouselaw.com
rglezakos@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sean Nugent, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Secretlab US, Inc., a Delaware corporation;<br><br>Defendant. | CASE NO.: 3:22-cv-08944<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sean Nugent ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Secretlab US, Inc. ("Defendant" or "Secretlab") based on Defendant's false and deceptive marketing and sale of its Secretlab Gaming Chairs. Plaintiff makes the following allegations based on the investigation of his counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on his personal knowledge.

## INTRODUCTION

1.      This case is predicated on a systemic course of false, misleading, and unlawful conduct. Specifically, Defendant has continually advertised on its website a purported discount on its Secretlab Gaming Chairs (the "Chairs" or "Products").[1] This discount is based on the Chairs' purported original price, with a corresponding purported savings advertised to consumers. Unbeknownst to consumers, these price discounts are false because the Chairs were never sold at the purported original price, or if they were ever sold at the purported original price, the Chairs were offered for the original price for an inconsequential period of time and then continuously discounted, rendering the purported original price to be false and misleading.

2.      These false discounts are simply a marketing tactic, explicitly outlawed by California law and criticized by the Federal Trade Commission, as they are meant to convince consumers that the product they are viewing has been long sold at an original, higher price, and the customer should speedily purchase the product before it goes back to its original price. *See e.g.,* 16 C.F.R. § 233.1(a) (if a "former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects.")

---

[1] The Products include the following: (1) Secretlab TITAN 2020 chairs; (2) Secretlab OMEGA 2020 chairs; (3) Secretlab THRONE 2020 chairs; (4) Secretlab Titan XL 2020 chairs; (5) Secretlab OMEGA 2018 chairs; Secretlab TITAN 2018 chairs; and (6) Secretlab THRONE 2018 chairs.

3.      Indeed, California statutory and regulatory law expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

4.      Secretlab's false pricing scheme was disseminated to California consumers via its website www.secretlab.com (the "Website"), which was the sole location consumers could purchase the Products during the Class Period (defined below in Paragraphs 25).

5.      Notably, during the Class Period, the Products were exclusively sold on Defendant's Website. Indeed, as the Website's FAQ states, "By cutting out the middleman and selling directly to you, we get rid of extra expenses like retailer and distributor margins and storefront costs. These cost savings are then passed on to you, so you get the best value when you buy from us."[2] Thus, aside from the pricing on the Website set by Secretlab, there was no other market price for the Products being sold during the Class Period.

6.      This practice is consistent across the Products sold by Secretlab, and Secretlab continued to engage in this deceptive marketing practice for years. As a result, the Products have been, and upon information and belief, until shortly after Secretlab received Plaintiff's pre-suit letter, continued to be, falsely and deceptively marketed.

---

[2] https://secretlab.co/pages/faq. Plaintiff did not view the FAQ portion of the Website prior to purchasing the Product.

7.     Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased Defendant's falsely and deceptively advertised Products, seeking to prevent Defendant from continuing to falsely advertise the Products in the future, and to obtain monetary compensation for purchases of the Products.

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Classes, including Plaintiff.

9.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the Products in California and to California consumers.

10.    Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and purchased one of the Products in this District during the statute of limitations period.

**PLAINTIFF**

11.    Plaintiff is a citizen of the United States and the State of California and currently resides in Lafayette, California. In or around April 2021, Plaintiff purchased Secretlab's TITAN 2020 Chair Product from the Website.  In purchasing the Product, Plaintiff saw and relied on the advertised higher "original" price, including Defendant's representations that, as a direct-to-consumer brand, Secretlab was the only entity selling the Product. Based on these representations, Plaintiff believed that he was receiving an actual reduced sale price on the Product. Plaintiff's reasonable belief that the Product was on sale was an important factor in his decision to purchase the Product. Plaintiff would not have purchased the Product but for the aforementioned misrepresentations. Because the Product was not actually on sale, Plaintiff suffered injury in fact

and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as described herein.

**DEFENDANT**

12. Secretlab is a Delaware corporation that maintains its principal place of business and headquarters in Delaware. It markets, sells, and distributes the Products throughout California and the United States. During the Class Period, the Products are sold online only through the Website.

**FACTUAL ALLEGATIONS**

13. Defendant is one of the leading gaming chair retailers in the United States. Consumers trust Defendant to be honest and forthright in its advertising and marketing of its products, including the Products at issue here.

14. Despite this trust, Defendant has engaged in false and deceptive advertising in the marketing and sale of the Products.

15. Specifically, as demonstrated below, Secretlab advertises its Products with a purported original price, and then immediately under it, a purported savings followed by a large, red font displaying a final purported sale price (hereinafter, the "Sale Representations").



16.     Based on the foregoing example, a reasonable consumer would expect that the Product is originally priced at, and is typically sold for, $500. Further, a reasonable consumer would believe that while the Product is typically sold for $500, that the Product was currently on sale for a discounted price of $389. However, the Product was never sold at the "original price" for a period of greater than three months. In fact, based on Plaintiff and his counsel's investigation and belief, during the Class Period, none of the Products were ever sold at their purported original price. To the extent they may have been offered at the "Original" price for a short period of time, which has not been uncovered in Plaintiff and his Counsel's investigation, this period of time was negligible and not "the prevailing market price" for the Products.  Thus, throughout the Class Period, the Products were not sold at their purported original price, and were never truly on "sale" in the manner described by Defendant.

17.     The digital archive of Defendant's Website evidences Defendant's deceptive marketing and sales practices,[3] demonstrating that this practice was an ongoing sales tactic by Defendant:

   a.   **"Secretlab TITAN 2018" chair pricing:**

         i.   February 2018:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $369

        ii.   January 2019:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $389

       iii.   May 2019:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $389

        iv.   August 2019:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $349

         v.   January 2020:

               1.   Advertised Original Price: $379

               2.   Advertised Sale Price: $314

   b.   **"Secretlab TITAN 2020" chair pricing:**

         i.   June 2019:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $399

        ii.   August 2019:

               1.   Advertised Original Price: $500

               2.   Advertised Sale Price: $399

---

[3] All dates and pricing were pulled from the "The Wayback Machine," a digital archive of the World Wide Web, which can be found at web.archive.org.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       iii.  September 2019:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       iv.  October 2019:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       v.  November 2019:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       vi.  December 2019:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $379

       vii.  March 2020:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       viii.  April 2020:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       ix.  May 2020:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       x.  September 2020:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $399

       xi.  October 2020:

         1.  Advertised Original Price: $500

         2.  Advertised Sale Price: $459

       xii.  November 2020:

-7-

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $459

xiii.   December 2020:

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $419

xiv.   January 2021:

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $419

xv.   February 2021:

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $399

xvi.   March 2021

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $374

xvii.   April 2021

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $399

xviii.   May 2021

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $399

xix.   June 2021

1.   Advertised Original Price: $500

2.   Advertised Sale Price: $369

xx.   July 2021

1.   Advertised Original Price: $499

2.   Advertised Sale Price: $399

xxi.   December 2021

1.   Advertised Original Price: $449

2. Advertised Sale Price: $409

xxii. January 2022

   1. Advertised Original Price: $449

   2. Advertised Sale Price: $409

**c. "Secretlab TITAN XL 2020" chair pricing:**

i. March 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $479

ii. April 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $479

iii. May 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $479

iv. September 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $479

v. October 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $539

vi. November 2020:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $539

vii. February 2021:

   1. Advertised Original Price: $559

   2. Advertised Sale Price: $479

viii. December 2021

   1. Advertised Original Price: $529

-9-

CLASS ACTION COMPLAINT

2.  Advertised Sale Price: $494

  ix. January 2022

1.  Advertised Original Price: $529

2.  Advertised Sale Price: $494

**d. "Secretlab OMEGA 2018" chair pricing:**

  i. February 2018:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $329

  ii. April 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $329

  iii. May 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $329

  iv. August 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $299

**e. "Secretlab OMEGA 2020" chair pricing:**

  i. June 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $359

  ii. August 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $359

  iii. September 2019:

1.  Advertised Original Price: $440

2.  Advertised Sale Price: $359

  iv. October 2019:

CLASS ACTION COMPLAINT

1          1.  Advertised Original Price: $440
2          2.  Advertised Sale Price: $359
3      v.  November 2019:
4          1.  Advertised Original Price: $440
5          2.  Advertised Sale Price: $359
6      vi.  December 2019:
7          1.  Advertised Original Price: $440
8          2.  Advertised Sale Price: $359
9      vii.  April 2020:
10          1.  Advertised Original Price: $440
11          2.  Advertised Sale Price: $359
12      viii.  May 2020:
13          1.  Advertised Original Price: $440
14          2.  Advertised Sale Price: $359
15      ix.  June 2020:
16          1.  Advertised Original Price: $440
17          2.  Advertised Sale Price: $359
18      x.  September 2020:
19          1.  Advertised Original Price: $440
20          2.  Advertised Sale Price: $359
21      xi.  October 2020:
22          1.  Advertised Original Price: $440
23          2.  Advertised Sale Price: $419
24      xii.  November 2020
25          1.  Advertised Original Price: $440
26          2.  Advertised Sale Price: $419
27      xiii.  January 2021
28          1.  Advertised Original Price: $440

-11-

2.  Advertised Sale Price: $379

xiv.  August 2021

1.  Advertised Original Price: $439

2.  Advertised Sale Price: $359

xv.  September 2021

1.  Advertised Original Price: $499

2.  Advertised Sale Price: $399

xvi.  October 2021

1.  Advertised Original Price: $499

2.  Advertised Sale Price: $399

xvii.  December 2021

1.  Advertised Original Price: $399

2.  Advertised Sale Price: $359

xviii.  January 2022

1.  Advertised Original Price: $399

2.  Advertised Sale Price: $359

xix.  February 2022

1.  Advertised Original Price: $549

2.  Advertised Sale Price: $449

**f.  "Secretlab THRONE 2018" chair pricing:**

i.  February 2018:

1.  Advertised Original Price: $390

2.  Advertised Sale Price: $299

ii.  May 2019:

1.  Advertised Original Price: $390

2.  Advertised Sale Price: $299

iii.  June 2019:

1.  Advertised Original Price: $390

-12-

2.   Advertised Sale Price: $329

  iv. August 2019:

1.   Advertised Original Price: $390

2.   Advertised Sale Price: $269

  v. January 2020:

1.   Advertised Original Price: $299

2.   Advertised Sale Price: $234

**g. "Secretlab THRONE 2020" chair pricing:**

  i. August 2019:

1.   Advertised Original Price: $390

2.   Advertised Sale Price: $329

  ii. September 2019:

1.   Advertised Original Price: $390

2.   Advertised Sale Price: $329

  iii. October 2019:

1.   Advertised Original Price: $390

2.   Advertised Sale Price: $329

  iv. November 2019:

1.   Advertised Original Price: $390

2.   Advertised Sale Price: $329

18. As a result, Defendant's marketing of the Products is false and deceptive, and misleads reasonable consumers.

19. The price of the Products is a material factor to Plaintiff and falsely advertising them as being on sale made purchasers such as Plaintiff and other reasonable consumers believe they were receiving a substantial discount on an item of greater value than they actually were.

20. Defendant's decision to use red, larger font to highlight the purported sale price of the Products further demonstrates the materiality of the Sale Representations.

CLASS ACTION COMPLAINT

21.    Defendant intentionally concealed and failed to disclose material facts regarding the truth about false price advertising in order to provoke Plaintiff and the proposed class to purchase the Products.

22.    Had Plaintiff been aware that the Product was falsely advertised he would not have purchased the Product at all.

23.    By the use of the Sale Representations, Defendant created increased market demand for the Products and increased its market share relative to what its demand and share would have been had it marketed the Products truthfully.

24.    Plaintiff and members of the Classes were exposed to and justifiably relied upon the same material misrepresentations (i.e., the Sale Representations) throughout the class period. Specifically, each of the Products displayed the Sale Representations, and each of the Products was not actually on sale. As such, this case fits squarely within the parameters for class certification.

## **CLASS ACTION ALLEGATIONS**

25.    Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All residents of California who purchased the Products within the applicable statute of limitation ("California Class").

**California Consumer Subclass**

All residents of California who purchased the Products for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the California Class, the "Classes").

26.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

27.    Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

28.     Plaintiff is a member of all the Classes.

29.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records or through sales data. At a minimum, there likely are tens of thousands of Class members.

30.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.  whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

    b.  whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products' Sale Representations;

    c.  whether Defendant knew or should have known its representations were false or misleading;

    d.  whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

    e.  whether certification of each Class is appropriate under Rule 23;

    f.  whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

    g.  the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

31.     **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the representations made by the Defendant about the Products prior to purchasing the

Product. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them had they known that the Defendant's representations were untrue.

32. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

33. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

34. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

### FIRST CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750,** *et seq.*
(*For the California Consumer Subclass*)

35. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

36.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

37.     The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

38.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Through the Sale Representations, Defendant represented that the Products were on sale from an original price when they were not. Accordingly, Defendant has violated section 1770(a)(9) of the CLRA.

39.     Cal. Civ. Code § 1770(a)(13) prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Through the Sale Representations, Defendant has made false and misleading statements of fact concerning the existence of a price reduction, leading reasonable consumers to believe the Products were sold at a higher original price at a prevailing rate when they were not. Therefore, Defendant has violated section 1770(a)(13) of the CLRA.

40.     At all relevant times, Defendant has known that the Sale Representations were false, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Products' Sale Representations when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing they are receiving a more expensive product than they are actually receiving, based on the purported sale discount.

41.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

42.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the

-17-

1    Products, had they known that the Products do are falsely advertised as being on "sale" when they

2    actually were not.

3        43.    Under Cal. Civ. Code § 1782, on June 6, 2022, counsel for Plaintiff mailed a notice

4    and demand letter by certified mail to Defendant, outlining that Defendant has violated the CLRA

5    for the reasons described herein. Defendant responded on June 21, 2022, and as of yet, has refused

6    to take any action to rectify this misconduct. Because Defendant has failed to fully rectify the issues

7    within 30 days after receipt of the notice and demand letter, Plaintiff timely filed the Class Action

8    Complaint for a claim for damages under the CLRA.

9                          **SECOND CLAIM FOR RELIEF**
                 **Violation of California's False Advertising Law**
10              **California Business & Professions Code § 17500, *et seq***
                           (***For the California Class***)
11

12       44.    Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set

13    forth herein.

14       45.    Plaintiff brings this claim individually and on behalf of the members of the proposed

15    California Class against Defendant pursuant to California's False Advertising Law ("FAL"), Cal.

16    Bus. & Prof. Code § 17500, *et seq.*

17       46.    The FAL makes it "unlawful for any person to make or disseminate or cause to be

18    made or disseminated before the public . . . in any advertising device . . . or in any other manner or

19    means whatever, including over the Internet, any statement, concerning . . . personal property or

20    services professional or otherwise, or performance or disposition thereof, which is untrue or

21    misleading and which is known, or which by the exercise of reasonable care should be known, to

22    be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

23       47.    Similarly, this section provides, "[n]o price shall be advertised as a former price of

24    any advertised thing, unless the alleged former price was the prevailing market price ... ***within three***

25    ***months next immediately preceding*** the publication of the advertisement or unless the date when

26    the alleged former price did prevail is clearly, exactly and conspicuously stated in the

27    advertisement." (emphasis added). Cal. Bus. & Prof. Code § 17501.

28       48.    Defendant has represented and continues to represent to the public, including

-18-

Plaintiff and members of the proposed California Class, through its deceptive advertising, that the Products are discounted from a higher, original price, and thus were on sale, giving the false impression that Defendant's Products were worth more than they actually were. However, the Products were never sold at this purported, higher original price as the prevailing market price for far longer than the three months preceding the Products' advertisement publication. Because Defendant has disseminated misleading information regarding the Products, and Defendant knew the representations were misleading, Defendant has violated the FAL.

49.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to them and members of the proposed California Class, to disgorge the profits Defendant made on these transactions. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
(***For the California Class***)

50.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California Business & Professions Code § 17200 ("UCL").

52.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

53.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL (including Cal. Bus. & Prof. Code § 17501 as described above), the FTCA, and other applicable laws as described herein. As a result of

-19-

Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed California Class.

54.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Sale Representations. Deceiving consumers into believing they are receiving a discount on the Products, but in actuality are just paying the normal price, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

55.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing they are receiving a product that is worth more than it actually is, by presenting a fake sale price. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

56.     Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

### FOURTH CLAIM FOR RELIEF
**Common Law Fraud**
***(for the Classes)***

57.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the members of the Classes for common law fraud.

59.     Defendant has willfully, falsely, and knowingly misrepresented the Products' pricing through the Products' Sale Representations, as they knew that the Products were never sold at their purported, higher original sale price for a significant period of time, if at all.

60.     Defendant has therefore made knowing, fraudulent misrepresentations as to the Products.

61.     Defendant's misrepresentations were material (i.e., they affected Plaintiff and members of the Classes' purchasing decisions given their importance), because they relate to the central value of the Products, given that the Products are presented as being worth more than they actually are.

62.     Defendant knew that the higher, purported original price was false and misleading as the Products were only sold by Defendant on its Website during the Class Period.

63.     Defendant intended that Plaintiff and members of the Classes rely on the Sale Representations, because if they had known the truth of the pricing they would not have purchased the Products at all.

64.     Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and if Plaintiff and members of the Classes had known the truth about the Products, they would not have paid monies for the Products.

65.     For these reasons, Plaintiff and members of the Classes have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendant's fraudulent conduct.

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the proposed California Class defined above, appointment of Plaintiff as Class representative, and appointment of their counsel as Class counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

D.     An award to Plaintiff and the proposed California Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits Defendant obtained from Plaintiff and the proposed California Class as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F.     An award of nominal, punitive, and statutory damages;

H.     An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

I.     An award to Plaintiff and the proposed California Class of pre and post-judgment interest, to the extent allowable; and

J.     For such further relief that the Court may deem just and proper.

//
//

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: December 16, 2022

**CUSTODIO & DUBEY, LLP**

By: ____/s/ Robert Abiri_____

Robert Abiri (SBN 238681)
*abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the
Putative Classes*

CLASS ACTION COMPLAINT