UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN NUGENT,<br><br>        Plaintiff,<br><br>    v.<br><br>SECRETLAB US, INC.,<br><br>        Defendant. | Case No. 22-cv-08944-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

    This order assumes the reader is familiar with the case.

    The Secretlab website's terms of use provide that "the courts of Singapore will have exclusive jurisdiction." Dkt. No. 14-4 § 15. The terms also state, in capital letters: "By using this site, you agree to these terms of use; if you don't agree, don't use the site." *Id.* at 2. On this basis, Secretlab seeks to have the case dismissed so that it can be litigated in Singapore. The key question is whether the website's terms bind Nugent, as a valid forum selection clause would all but require dismissal.

    Under California law, website terms only bind a user with actual or inquiry notice. *See Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). There is no allegation of actual notice here. Inquiry notice requires that "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.*

    Secretlab's motion asserts that Nugent accepted the terms but does not explain how these requirements were satisfied. In his opposition, Nugent provides screenshots from the Internet

Archive Wayback Machine showing a "Terms of Use" link in the website's footer. Dkt. Nos. 15-3, 15-4. Secretlab does not dispute that is where the terms were located. Its reply brief provides screenshots that similarly show either "Terms" or "Terms of Use" links in the footer. Dkt. No. 16-2. Secretlab asserts that this link placement is "such that Plaintiff would have been expected to see and review [the terms] when shopping for and purchasing his chair." Dkt. No. 16 at 8. But that conclusion is belied by the only reasoning provided: that a consumer spending a few hundred dollars on a chair would be sure to go looking for any terms that might apply. Dkt. No. 14 at 10 n.3; *see also* Dkt. No. 16 at 9 (arguing that "a reasonably prudent consumer under these circumstances would have been expected to scrutinize the website"). Secretlab's position, essentially, is that the terms could be found if the consumer went looking, and that consumers like Nugent are incentivized to do so. But the question is whether the terms are "reasonably conspicuous," not how badly a visitor will want to find them. *Berman*, 30 F.4th at 856. If the terms are as important as Secretlab suggests, then Secretlab should have been sure to put those terms in front of purchasers—not assume they would poke around the website footer. Website owners bear the burden of making users aware of terms because "[w]ebsite users are entitled to assume that important provisions . . . will be prominently displayed." *Id.* at 857. If the cost of a purchase is relevant at all, it seems to put more responsibility on Secretlab, not the purchaser.

That's enough to decide that the terms don't bind Nugent. But the second half of the test isn't met either. Nugent did not "take some action, such as clicking a button or checking a box, that unambiguously manifest[ed] . . . assent to those terms." *Id.* at 856. Even if continuing to browse a website could ever be such an "action," it isn't unambiguous assent when the alleged significance of that action could only be learned by perusing the terms themselves. Indeed, Secretlab never explains at what point between arriving at the website and purchasing the chair Nugent supposedly accepted the terms.

If the forum selection clause applied, the deck would be stacked in favor of dismissal. *See Atlantic Marine Construction Company v. United States District Court*, 571 U.S. 49, 63–65 (2013). But since Nugent is not bound by the terms, this case calls for the normal forum non

conveniens analysis. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142–43 (9th Cir. 2001). At the first step, Singapore's courts satisfy the very easy test for an adequate alternative forum. The lack of class actions in Singapore doesn't matter, because the defendant is amenable to process there and that country's courts offer "some remedy." *Id.* at 1143–44. But balancing the public and private interest factors at the second step, there's no good reason to send this case to Singapore. *Id.* at 1145–1148. Many of the factors are neutral, such as the ease of access to evidence (which will mostly be digital). At least two factors, however, weigh heavily against dismissal: the local interest in adjudicating this case in California (since it concerns California consumers) and the preference for a familiar forum (since it concerns California law). As none of the factors weigh in favor of Singapore—and since the plaintiff chose this forum and never agreed to litigate elsewhere—the overall balance favors letting this case proceed here.

      The motion to dismiss is denied. An answer is due within 14 days of this order.

**IT IS SO ORDERED.**

Dated: May 3, 2023

_____
VINCE CHHABRIA
United States District Judge